Olateju Olu OLABANJI, aka Olateju Olabanji, Teju O. Aabanji, Chris Mark Chappell, Trevor Dishon, Stephen Frye, Tim Jackson, Thomas Jackson, Robert Kajimoto, Myron Obrasnialc, Myron Obrunsniak, Olatico Olabanji, Teju O. Olabanji, Teju O. Olabans, John O. Oshin, Carlos Usallan, "TJ", Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–75203.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed May 21, 2008.

Jorge T. Cabrera Esq., Law Office of Jorge T. Cabrera, Pasadena, CA, for Petitioner.

Saul E. Greenstein, OIL, John C. Cunningham, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL **, District Judge.

## MEMORANDUM ***

Olateju Olabanji, a citizen and native of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nigeria, petitions for relief from the BIA's affirmance of the Immigration Judge's denial of his request for a § 212(h) waiver, asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Olabanji's petition for review.

■ The BIA held that Olabanji was ineligible for a § 212(h) waiver due to a false claim of U.S. citizenship. This decision was not determinative, however, because even if he were eligible, Olabanji failed to qualify on the merits. His crime was a dangerous one, and he failed to show that a qualifying U.S. relative would suffer exceptional and extremely unusual hardship if he is deported. Furthermore, we lack jurisdiction to review the discretionary decision by the Attorney General that Olabanji was ineligible for a § 212(h) waiver. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003) ("[A]n exceptional and extremely unusual hardship determination is a subjective discretionary judgment that has been carved out of our appellate jurisdiction.") (internal quotation marks omitted). Therefore, the BIA's decision to deny Olabanji's request for a 212(h) waiver stands.

■ We also lack jurisdiction to hear Olabanji's challenge to the BIA's finding that Olabanji's asylum application was untimely and its discretionary determination that he failed to show changed or extraordinary circumstances sufficient to excuse the untimeliness. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001) (holding this court lacks jurisdiction to review the decision that an asylum application is not timely) (citing 8 U.S.C. § 1158(a)(3)); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) (holding this court lacks jurisdiction over the determination that applicant failed to show changed or extraordinary circumstances which would excuse his untimely filing of an asylum application) (cit-

ing 8 U.S.C. § 1158(a)(3)). However, even if we had jurisdiction, we would find that the determination was supported by substantial evidence because Olabanji committed an aggravated felony and failed to file within one year of his arrival in the U.S. *See* §§ 8 U.S.C. 1158(a)(2)(B); 1158(b)(2)(B)(i).

The BIA applied the proper legal standard and substantial evidence supports the BIA's conclusion that Olabanji was convicted of a particularly serious crime, barring him from withholding of removal under INA § 241(b)(3) and withholding of removal pursuant to CAT. *See* 8 U.S.C. § 1101(a)(43)(M); *Kharana v. Gonzales*, 487 F.3d 1280, 1284–85 (9th Cir.2007) (upholding the BIA's determination that petitioner's fraud was an aggravated felony where the loss to victims was over $10,000). Even if Olabanji were not convicted of a particularly serious crime, substantial evidence supports the BIA's conclusion that he has not shown it is more likely than not he will be persecuted if removed to Nigeria.

**PETITION DENIED.**